UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

────────────────────────────────

UNITED STATES OF AMERICA,                                    05-CV-0389E

                    Plaintiff,

          -vs-                                                      MEMORANDUM

ONE 2001 INFINITI QX4 AUTOMOBILE,                                   and
VEHICLE IDENTIFICATION NUMBER:
JNRDR07X21W100657,                                                  ORDER[1]

                    Defendant

────────────────────────────────

          On July 25, 2004, 17-year old Vadislav Kats ("Vadislav") was arrested in the

Town of Amherst and charged with various narcotics offenses, endangering the

welfare of a minor and various traffic infractions.  On that date, Vadislav had been

operating the subject Infinity QX ("Infinity") sport-utility vehicle containing two

female under-age passengers when, during a traffic stop, amounts of various

controlled substances were discovered in the Infinity.  After Vadislav's arrest, the

Town of Amherst referred the matter to the Drug Enforcement Administration and

forfeiture proceedings were commenced as against the Infinity.

          Vadislav's mother, Marina Kats ("Kats"), filed an Answer and Claim

challenging the forfeiture and asserting that she is the owner-in-fact of the Infinity.

Although Vadislav is the titled, registered and insured owner of the Infinity, Kats

contends that she transferred title to Vadislav solely to enable him to obtain an auto

──────────────────

          [1]This decision may be cited in whole or in any part.

insurance policy independent from the policy issued to her and her husband. Kats

contends that, due to Vadislav's poor driving record, her insurance company had

threatened to cancel her policy.  Kats argues that she selected and paid for the

Infinity and that, even subsequent to the transfer of the title to Vadislav, she

continued to pay for the insurance and maintenance for the Infinity, thus

demonstrating her ownership interest in the Infinity.

The United States seeks to strike Kats's Answer and Claim pursuant to Rule

12(b)(6) of the Federal Rules of Civil Procedure ("FRCvP").  Alternatively, the United

States seeks judgment on the pleadings pursuant to FRCvP 12(c).

The legal standards for consideration of motions made pursuant to FRCvP

12(b)(6) and 12(c) are identical.  *See King* v. *Am. Airlines, Inc.*, 284 F.3d 352, 356 (2d

Cir. 2002).  Under both rules, the Court's consideration is limited to the pleadings and

the allegations contained in the Complaint are presumed true.  *See Patel* v.

*Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001).  Such motions

should not be granted unless it is shown that the plaintiff cannot prove any set of

facts consistent with the allegations that would entitle him to relief.  *Ibid*.  Any

consideration of materials outside of the pleadings requires, on notice to both parties,

a conversion of the motion to one for summary judgment pursuant to FRCvP 56.  *See*

FRCvP 12(b) and (c).

Here, neither the United States nor Kats relies exclusively on the pleadings.

Indeed, the United States cites materials provided by Kats — which are not attached

to the Complaint, Answer or Claim — in support of its own argument.  As both parties have relied on the materials, the Court will convert the motions to one for summary judgment and will also consider the same materials which have been attached to Kats's opposing papers.

The United States first argues that Kats's Claim should be stricken because it does not satisfy the requirement of Rule C(6) of the Supplemental Rules for Admiralty and Maritime Claims that a claimant identify his or her interest in the subject property.  The United States also argues that Kats fails to allege a "colorable interest" in the Infinity and thus she lacks standing as required by Article III of the United States Constitution.[2]

Kats's Claim asserts that her interest in the Infinity is as the owner-in-fact. Supplemental Rule C(6) does not require a claimant to prove the validity of the asserted interest, but requires only that the interest be identified.  Thus, Kats's Claim satisfies the minimal requirement and it will not be stricken on that basis.

Next, the United States argues that Kats has no "colorable interest" in the Infinity and thus lacks Article III standing because she is not the titled, registered or insured owner of the subject Infinity.  Kats opposes the motion and argues that, as she selected and purchased the Infinity, could drive the Infinity at any time she chose and because she paid for the insurance and maintenance of the Infinity, even after

---

[2] As the United States's motion relates solely to Article III standing, the Court considers only that issue and not whether Kats has statutory standing under 18 U.S.C. §983(d).

the title was transferred to Vadislav, she states a colorable ownership interest in the Infinity.

Standing "is the threshold question in every federal case, determining the power of the court to entertain the suit." *Warth* v. *Seldin*, 422 U.S. 490, 498 (1975). In a civil forfeiture case, the claimant contesting the forfeiture bears the burden of demonstrating that he or she has standing. *Mercado* v. *United States Customs Service*, 873 F.2d 641, 644 (2d Cir. 1989). "The claimant need not prove the full merits of her underlying claim. All that needs to be shown is a facially colorable interest in the proceedings sufficient to satisfy the case-or-controversy requirement." *Torres* v. *$36,256.80 United States Currency*, 25 F.3d 1154, 1158 (2d Cir. 1994).

A claimant has a facially colorable interest in the proceedings if he or she can show some ownership or possessory interest in the specific property to be forfeited. *Mercado*, 873 F.2d at 644. A claimant can prove his or her interest by showing actual possession, dominion, control, title or financial stake in the subject property. *United States* v. *Contents of the Account Numbers 208-06070 and 208-06068-1-2*, 847 F. Supp. 329, 333 (S.D.N.Y. 1994). Ownership interests are defined by the law of the State in which the interest arose. *United States* v. *7725 Unity Ave.*, 294 F.3d 954, 956 (8th Cir. 2002). In this case, New York law is controlling.

Under New York law, the certificate of title to a vehicle is presumptive evidence of the vehicle's ownership. N.Y. Veh. & Traf. Law §2018. However, "this presumption of ownership is not conclusive, and may be rebutted by evidence which

demonstrates that another individual owned the vehicle in question." *Aronov* v. *Bruins Transportation, Inc.*, 743 N.Y.S.2d 131, 133, 294 A.D.2d 523, 524 (2d Dep't 2002). In *Punis* v. *Perales*, 491 N.Y.S.2d 451 (1985), the Appellate Division, Second Department, held that the claimant, Punis, had demonstrated facts sufficient to rebut the presumption that she was the owner of a vehicle. *Ibid*. at 453. In that case, Punis had applied for social assistance but was denied benefits because records from the Department of Motor Vehicles revealed that she was the registered owner of two vehicles and that, combined, the value of those vehicles exceeded the total resource allowance. *Id*. at 452. While Punis admitted that she was the owner of one of the vehicles, she challenged the determination that she was the owner of a second — a Ford Mustang. *Id*. at 453.

Punis introduced evidence, consisting of testimony by her father, sister and herself, demonstrating that her father had purchased the vehicle for her sister and that her sister drove the vehicle. *Punis*, at 453. Testimony also established that the vehicle was registered and insured in Punis's name solely because the insurance rates were cheaper than if her father had registered it in his or Punis's sister's name. *Ibid*. Finally, Punis testified that she had not contributed to the down payment or ongoing payments for the car and did not pay for the maintenance for the car. *Ibid*. The Appellate Division concluded that "[t]he uncontradicted evidence presented ∗∗∗ was sufficient to rebut the presumption of ownership contained in Vehicle and Traffic Law §2018(c)." *Ibid.*

Here, there is evidence suggesting that Kats paid for the purchase of the Infinity, that, although the insurance was maintained in Vadislav's name, Kats paid for the insurance, that Kats paid for the maintenance of the Infinity and that Kats could operate the Infinity if and when she so chose.  Therefore, the Court concludes that Kats has alleged a colorable interest in the Infinity sufficient to demonstrate Article III standing and that genuine issues of material fact preclude judgment as a matter of law in favor of the United States.

Accordingly, it is **ORDERED** that the United States's Motions to Strike, or alternatively to Dismiss for Failure to State a Claim or for Judgment on the Pleadings are converted to one for Summary Judgment and that such motions are denied.

DATED:        Buffalo, N.Y.

                     July 6, 2006


                                    /s/ John T. Elfvin
                     _____
                                    JOHN T. ELFVIN
                                    S.U.S.D.J.